# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**POWER PROBE GROUP, INC.,**

    **Plaintiff,**

**v.**

**SHENZHNSHI SANLIULING
XIUCHEWANG YOUXIANGONGSI
D/B/A OBDSTAR,**

    **Defendant.**

_____/

Case No: 3:23-cv-294

<div style="border:1px solid">

**INJUNCTIVE RELIEF
SOUGHT**

**DEMAND FOR JURY
TRIAL**

</div>

## COMPLAINT

Plaintiff, Power Probe Group, Inc. ("Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant, Shenzhnshi Sanliuling Xiuchewang Youxiangongsi d/b/a OBDSTAR ("Defendant"), alleges the following:

## NATURE OF THE ACTION

1.    Plaintiff brings this action alleging several causes of action relating to Defendant's unlawful sale of its powered electrical circuit tester (the "Accused Product") and its accompanying user manual (the "Infringing User Manual") including:

(a)    direct and indirect patent infringement of United States Patent No. 7,184,899 (**Exhibit 1**) pursuant to the Patent Act, 35 U.S.C. § 101, *et seq*;

1

(b)     false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a) of the Lanham Act relating to Power Probe's trade dress rights in each of the *shape and configuration* and *red color* of its flagship powered electrical circuit tester, as well as the *product packaging* relating to said circuit tester;

(c)     copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and federal unfair competition (reverse passing off) pursuant to 15 U.S.C. § 1125(a)(1)(A) of the Lanham Act, relating to Defendant's copying of Power Probe's user manual for its flagship circuit tester;

(d)     violation of the North Carolina Unfair and Deceptive Practices Act, N.C. Gen Stat. § 75-1.1 *et seq.* relating to each of the aforementioned conduct in sub-sections (b) and (c); and

(e)     North Carolina common law unfair competition relating to the aforementioned conduct in sub-sections (b) and (c).

## THE PARTIES

2.     Plaintiff, Power Probe Group, Inc. ("Plaintiff" or "Power Probe"), is a Delaware corporation with its address at 6509 Northpark Boulevard, Unit 400, Charlotte, North Carolina 28216.

3.      Power Probe is dedicated to the creation of innovative, easy to use diagnostic equipment for the automotive industry. Power Probe strives to meet the increasingly complex needs of today's automotive technician.

4.      Power Probe is a leader in providing electrical circuit testers to the automotive industry.  Power Probe's products provide users with a multitude of testers at their fingertips.

5.      Power Probe's products are designed in the United States and have been manufactured in the United States as well as in other countries.

6.      On information and belief, Defendant, Shenzhnshi Sanliuling Xiuchewang Youxiangongsi d/b/a OBDSTAR ("Defendant"), is a company organized and existing under the laws of the People's Republic of China, having an address at Longgangqu Henggangjiedao Shenhuiluhenggangduan (Longgangdadao) 6068-6hao 1dong102, Shenzhenshi, Guangdongsheng, 518054, CN.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws, trademark laws, and copyright laws of the United States. 35 U.S.C 101 *et seq*; 15 U.S.C. §§ 1051 *et seq*; 17 U.S.C. § 101 *et seq*. Accordingly, this Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and (b).

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims asserted or that may be asserted that are so related to claims

within the original jurisdiction of this action that they form part of the same case or controversy under Article III of the United States Constitution.

9.     This Court has *in personam* jurisdiction over Defendant because Defendant has and continues to commit acts of infringement and induces acts of infringement by others in this District, thereby deriving substantial revenue from products and/or services provided to individuals and businesses in this District.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because it is where a substantial part of the events giving rise to the claims occurred, including but not limited to Defendant's acts of infringement.. Additionally, given Power Probe's established and significant presence in this District, it is here where the harm from Defendant's infringement is being felt. Venue is proper under 28 U.S.C. § 1391(c)(3) because Defendant is not resident in the United States and can thus be sued in any judicial district. Additionally, venue is proper under 28 U.S.C. § 1400 because Defendant has committed acts of infringement in this District but does not reside in the United States.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### *The '899 Patent*

11.    Power Probe, as owner of U.S Patent No. 7,184,899 (the "'899 Patent" or "Patent-in-Suit"), holds all title to, interest in, and have standing to sue for infringement—including past infringement—of the '899 Patent or "Patent-in-Suit")

4

entitled "Energizable Electrical Test Device For Measuring Current And Resistance Of An Electrical Circuit," which issued on February 27, 2007. **Exhibit 1**.

12. The '899 Patent has one named inventor, Randy Cruz. Mr. Cruz invented a new and useful energizable electrical test device for measuring multiple parameters of an electrical circuit and filed a United States application, Application No. 11/029,595, (hereinafter the "'595 Application") directed thereto, on January 5, 2005.

13. The '899 Patent generally relates to an electrical test device adapted to apply power to and perform a plurality of measurements upon an electrical system.

14. The '899 Patent describes various needs in the prior art including but not limited to (1) the need in the art for an electrical test device that is capable of providing power to an electrical system in order to test such electrical system in the active or powered state; (2) the need in the art for an electrical test device that combines other test features such as logic probe diagnostic testing into a single unit; (3) the need in the art for an electrical test device capable of combining key measurement functions into a single instrument in order to the accelerate diagnosis of electrical problems; and (4) the need in the art for an electrical test device that is hand held, and that is easy to use and which contains a minimal number of parts and is of low cost.

5

15.     The Patent Office issued the '899 Patent as shown in **Exhibit 1**, with twenty-seven (27) claims.

16.     Exemplary Independent Claim 1 of the '899 Patent is directed to:

An electrical test device having multimeter functionality and being adapted to provide current sourcing to an electrical system for selective measurement of a plurality of parameters thereof in at least one of powered and unpowered states, the electrical test device comprising:

a conductive probe element configured to be placed into contact with the electrical system and provide an input signal thereto;

a power supply interconnected between an external power source and the probe element;

a processor electrically connected to the probe element and configured to manipulate the input signal provided to the electrical system and receive an output signal in response to the input signal, the output signal being representative of at least one of the parameters of the electrical system; and

a display device electrically connected to the processor and configured to display a reading of the output signal, the reading being representative of the parameter;

wherein the electrical test device is configured to allow for selective powering of the electrical system upon energization of the probe element during measurement of the parameters.

17.    The '899 Patent was originally assigned to Power Probe, Inc., and was subsequently assigned to Plaintiff, Power Probe Group, Inc. **Exhibit 2**.

18.    The First, Second and Third Maintenance Fees for the '899 Patent have been paid. **Exhibit 3**.

19.    The '899 Patent is valid and enforceable.

### *Power Probe's Flagship Power Probe III Circuit Tester*

20.    The Power Probe III Circuit Tester practices the '899 Patent.

21.    By way of example, the Power Probe III Circuit Tester comprises an electrical test device having multimeter functionality and being adapted to provide current sourcing to an electrical system for selective measurement of a plurality of parameters thereof (e.g., voltage, continuity) in at least one of the powered and unpowered states.



7

*See also* **Exhibit 4**.

### *Power Probe's Red Color Trade Dress*

22. Power Probe first sold its flagship red Power Probe III powered circuit tester in 2006:



*See also* **Exhibit 4.**

23. Since it was first sold in 2006, the Power Probe III has been recognizable to consumers by the distinctive and market-exclusive red color trade dress of the product itself (hereinafter "Red Color Trade Dress"). Power Probe has touted the source-identifying nature of its Red Color Trade Dress in advertisements. *See, e.g.*, **Exhibit 4**.

24. Power Probe's Red Color Trade Dress is the subject of a pending federal trademark application, Serial No. 97727163, filed on December 21, 2022. *See* **Exhibit 10**.

8

25.     Based on its extensive, exclusive, source-identifying, and continuous use of the distinctive Red Color Trade Dress, Power Probe owns common law trade dress rights in the product color red for use in connection with electronic automotive testing equipment, namely, powered electrical circuit testers.

26.     The Red Color Trade Dress does not serve any functional purpose and has acquired secondary meaning through Power Probe's nearly 20 years of exclusive use and extensive marketing and promotion of its Power Probe III Circuit Tester.

### *Power Probe's Product Configuration Trade Dress*

27.     In additional to its distinctive red color, the Power Probe III has been recognizable to consumers by the distinctive and market-exclusive shape and configuration of the product itself (hereinafter "Product Configuration Trade Dress").

28.     A visual representation of the Product Configuration Trade Dress is depicted below, alongside the relevant portion of an exemplary Power Probe III:



29.     The Product Configuration Trade Dress is further described in **Exhibit 11**.

30.     Power Probe's Product Configuration Trade Dress is the subject of a pending federal trademark application, Serial No. 97727149, filed on December 21, 2022. *See* **Exhibit 11**.

31.     The Product Configuration Trade Dress does not serve any functional purpose and has acquired secondary meaning through Power Probe's nearly 20 years of exclusive use and extensive marketing and promotion of its Power Probe III Circuit Tester.

### *Power Probe's Product Packaging Trade Dress*

32.     In addition to each of the two trade dresses relating to the unit itself, the Power Probe III Circuit Tester is also recognizable to consumers by the distinctive and market-exclusive configuration of its product packaging (the "Product Packing Trade Dress").

10

33.    A visual representation of the Product Packaging Trade Dress is depicted below:



34.    The Product Packaging Trade Dress includes but is not limited to: (1) a rectangular outer shell which is hard, black, bumpy, and contains rounded edges; (2) a thin smooth band that wraps around the entire perimeter of the carrying case near to where the carrying case opens; (3) a thin, smooth, rectangular indentation on the largest face of the carrying case along the perimeter of that face; (4) a smaller, indented, rectangular shape with rounded edges in the center of said face; and (5) raised lettering within said smaller indented rectangular shape.

35.    The Product Packaging Trade Dress does not serve any functional purpose and has acquired secondary meaning through Power Probe's long (at least as early as 2010) and exclusive use and extensive marketing and promotion of its Power Probe III Circuit Tester and accompanying carrying case.

36.     Power Probe's Red Color Trade Dress, its Product Configuration Trade Dress, and its Product Packaging Trade Dress are collectively referred to as Power Probe's "Family of Marks."

### Power Probe's Significant Investment in the '899 Patent and its Family of Marks

37.     Power Probe's circuit testers have always been the company's flagship product. Beginning with the introduction of the Power Probe III Circuit Tester, Power Probe's reputation as the leading company in the industry for this type of powered circuit tester really took off, launching Power Probe's success and fueling the development of additional products as well as the company's growth overall. It was the success of the Power Probe III Circuit Tester that is likely most responsible for accelerating the company's growth and allowing it to expand as it has over the years.

38.     Over the years, Power Probe has invested heavily in research and development relating to its circuit testers, always working to improve the current model and work towards releasing the next generation. Power Probe was motivated in large part to make these investments based on the benefits offered by the patent system—meaning that Power Probe expected to be able to exclude others from practicing the '899 Patent in order to recoup its research and development costs.

39.     Additionally, through Power Probe's efforts for nearly thirty years, Power Probe is an established and successful brand. Power Probe's Family of Marks

has become synonymous with high quality, effective products and excellent customer service that enables consumers to confidently associate Power Probe and its Power Probe III Circuit Tester with its Family of Marks. Power Probe has built significant and valuable goodwill in its Family of Marks, and the purchasing public recognizes and associates each of the Marks with Power Probe and its Power Probe III Circuit Tester.

40.    Power Probe has expended substantial funds in marketing its products and developing the associated goodwill that now accompanies its Family of Marks. By virtue of the time, effort, and money that Power Probe has expended on advertisement and promotion, consumers closely identify each of Power Probe's Red Color Trade Dress and Product Configuration Trade Dress with high quality products originating solely from Power Probe.

41.    Power Probe has made substantial sales of goods under its Family of Marks, which has been highly successful in promoting the Power Probe III Circuit Tester, and in identifying the source of that product as Power Probe.

42.    Power Probe has never licensed its Family of Marks or otherwise allowed anyone else to use its Family of Marks.

*Power Probe's User Manual*

43.    For each Power Probe III device sold, Power Probe makes available a user manual (the "Power Probe III User Manual" or "Copyrighted Work").

13

44.     The Power Probe III User Manual is a work of authorship original to Power Probe and constitutes original material that is copyrightable under federal law.

45.     Power Probe registered its claims of copyright in the Power Probe III User Manual with the Copyright Office on January 21, 2022, as evidenced by Certificate of Registration TX 9-076-677. *See* **Exhibit 5**.

46.     The relevant portions of the Power Probe III User Manual are attached hereto as **Exhibit 6**.

47.     Power Probe is the sole author and owner of the copyrights in its Power Probe III User Manual, including the "text, photographs, [and] artwork." *See* **Exhibit 5**.

## DEFENDANT'S INFRINGING CONDUCT

### *The Accused Product Infringes the '899 Patent*

48.     Defendant advertises the Accused Product for sale on Amazon.com for $89.99 using its d/b/a name, OBDSTAR.

14



49.     To confirm that Defendant's offer to sell the Accused Product into North Carolina was bona fide, Power Probe caused at least one Accused Product (embodying the '899 Patent) to be purchased from Defendant and delivered into this District:



*System Diagnosis Tool Car Voltage Tester Digital Voltmeter Red*
Sold by: OBDSTAR (seller profile)

Condition: New

**Shipping Address:**

HUNTERSVILLE, NC 28078-7959
United States

**Shipping Speed:**
FREE Shipping

**Payment information**

**Payment Method:**
Visa ending in 3069

HUNTERSVILLE, NC 28078-7959
United States

| | |
|---|---|
| Item(s) Subtotal: | $88.99 |
| Shipping & Handling: | $8.16 |
| Free Shipping: | -$8.16 |
| Your Coupon Savings: | -$8.90 |
| | ----- |
| Total before tax: | $80.09 |
| Estimated tax to be collected: | $5.81 |
| | ----- |
| **Grand Total:** | **$85.90** |

50.     Defendant's "About Seller" page on Amazon.com,

https://www.amazon.com/sp?ie=UTF8&seller=A1NHOADYJEVQTG&asin=B07

TX8QLYN&ref_=dp_merchant_link&isAmazonFulfilled=1, identifies Defendant's

full business name as Shenzhnshi Sanliuling Xiuchewang Youxiangongsi:

16



# OBDSTAR

Visit the OBDSTAR storefront

★★★★★ | **100% positive** in the last 12 months (91 ratings)

---

**Detailed Seller Information**

**Business Name:** SHENZHNSHI SANLIULING XIUCHEWANG YOUXIANGONGSI
**Business Address:**
    LONGGANGQU HENGGANGJIEDAO SHENHUILUHENGGANGDUAN
    (LONGGANGDADAO)6068-6HAO 1DONG102
    SHENZHENSHI
    GUANGDONGSHENG
    518054
    CN

51.     According to Defendant's own user manual, the Accused Product allows users to:

- test for continuity with its built-in auxiliary ground lead.
- by depressing the power switch, conduct a positive or negative battery current to the probe tip for testing the function of an electrical component without the use of jumper wires.

**Exhibit 7**, Accused Product User Manual, pg. 4

52.     Defendant has infringed and continues to infringe the claims of the '899 Patent by selling, and/or offering to sell the Accused Product in the United States, including via Amazon.com.

53.     As demonstrated by the claim chart attached hereto as **Exhibit 9**, the Accused Product infringes at least Claim 1 of the '899 Patent, because it practices each and every element of that claim.

17

### *The Accused Product Infringes Power Probe's Family of Marks*

54.    Power Probe recently learned that Defendant was offering to sell the

Accused Product on Amazon.



55.    As demonstrated below, the Accused Product is red—confusingly

similar (if not identical) to Power Probe's Red Color Trade Dress.



**Accused Product**          **Power Probe III**          **Product Configuration Trade Dress**

18

56. Additionally, as demonstrated in the images above, the Accused Product's shape and configuration is confusingly similar (if not identical) to Power Probe's Product Configuration Trade Dress.

57. Additionally, as demonstrated in the images below, the Accused Product's packaging is confusingly similar to Power Probe's Product Packaging Trade Dress:



Power Probe                    Accused Product

58. Upon information and belief, both Power Probe's and Defendant's respective goods are provided, advertised, distributed, offered for sale, and/or sold to the same class of consumers and within the same industry.

59. Defendant's unauthorized marketing, promotion, and sale of the Accused Product is likely to cause consumers to be confused or deceived or mistakenly believe that the Accused Product is made, sponsored, endorsed,

authorized by, or in some other manner affiliated with the Power Probe brand, which it is not.

60. The likelihood of mistake, confusion, and deception caused by Defendant's unauthorized uses of Power Probe's Family of Marks has caused and will cause in the future irreparable harm to the goodwill symbolized by Power Probe's Family of Marks and the reputation those marks embody.

61. Power Probe's name, reputation, and goodwill are likely to suffer as a result of Defendant's conduct, given that, among other things, consumers who mistakenly purchase Defendant's Accused Product will associate any issues or problems with Defendant's goods sold in a manner that is confusingly similar to Power Probe's Family of Marks as emanating from Power Probe.

62. Upon information and belief, Defendant's actions have been and continue to be in complete disregard of Power Probe's rights.

63. Defendant's unlawful conduct has irreparably harmed Power Probe, and Power Probe has no adequate remedy at law to redress these injuries.

***The Infringing User Manual Is Substantially Similar to the Copyrighted Work***

64. On information and belief, Defendant accompanies each sale of the Accused Product with a copy of its user manual (the "Infringing User Manual"). A copy of the relevant portions of the Infringing User Manual is attached hereto as **Exhibit 7**.

65.     The Infringing User Manual is a copy of and substantially similar to the Copyrighted Work in numerous respects including the overall form, as well as the arrangement and composition of text. A comparison of several instances in which the Infringing User Manual is substantially similar to the Copyrighted Work is attached hereto as **Exhibit 8**.

66.     Power Probe never authorized or licensed the Defendant to distribute a user manual that copies the Copyrighted Work, nor has it authorized the Defendant to create any derivative works based on the Copyrighted Work.

### *Irreparable Harm to Power Probe*

67.     Defendant's conduct has already caused irreparable harm to Power Probe and will continue to cause further irreparable harm unless Defendant is enjoined from further acts of infringement.

68.     In light of the exclusivity afforded to it by virtue of the '899 Patent and its Family of Marks, the Power Probe III Circuit Tester has faced little to no competition in recent years, allowing Power Probe to focus its attention on improving other features of its business such as procurement, customer service, marketing, as well as ramping up its research and development efforts with a goal to accelerate the launch of future iterations of its products.

69.     In furtherance of its efforts to retain exclusivity and to focus on the aforementioned activities, Power Probe has never licensed the '899 Patent or its

Family of Marks to any non-Power Probe person or entity, let alone to a direct competitor. Power Probe has continuously demonstrated its intent to retain exclusivity over these intellectual property rights.

70.    The recent disruption caused by Defendant—an unlawful market entrant and participant—threatens to cause an unquantifiable and irreversible amount of harm to Power Probe's market share as well as to the quality and speed-to-market of its future products.

71.    Under the patent system, Power Probe is entitled to exclusivity through the life of the '899 Patent; its business plan is predicated on this exclusivity. Any further disruption from Power Probe's current operations in order to distinguish itself from and otherwise compete with Defendant will cause further irreparable harm to Power Probe.

72.    Under the Lanham Act, Power Probe is entitled to exclusivity regarding its Family of Marks, so that its customers can continue to benefit by associating those marks with Power Probe and its goodwill and reputation.

73.    Under the Copyright Act, Power Probe is entitled to exclusivity regarding the creative expression in its User Manual, and to prevent others from copying its User Manual without permission.

74.    Defendant's unlawful entry into the market further threatens to cause irreparable harm to Power Probe's reputation and goodwill, as well as create

irreversible price erosion—the Accused Product sells for $89.99, significantly less than the $142.95 price point for the Power Probe III Circuit Tester.

75.    There is no commercially available non-infringing alternative to the Accused Product.

## <u>COUNT I – DIRECT PATENT INFRINGEMENT</u>
(35. U.S.C. § 271(a))

76.    Plaintiff incorporates and realleges paragraphs 1 through 75 of this Complaint.

77.    Defendant has infringed and continues to directly infringe upon one or more claims of the '899 Patent, either literally or under the Doctrine of Equivalents, by selling and/or offering to sell the Accused Product within the United States in violation of 35 U.S.C. § 271(a).

78.    Upon information and belief, Defendant has gained revenues by virtue of its infringement of the '899 Patent.

79.    Plaintiff has sustained damages as a direct and proximate result of Defendant's infringement.

80.    Plaintiff will suffer, and is suffering, irreparable harm from Defendant's infringement of the '899 Patent.

81.    Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '899 Patent.

23

82. Defendant's infringement of the '899 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INDIRECT PATENT INFRINGEMENT
(35. U.S.C. § 271(b))

83. Plaintiff incorporates and realleges paragraphs 1 through 82 of this Complaint.

84. Defendant has indirectly infringed and continues to indirectly infringe upon one or more claims of the '899 Patent by actively inducing others to practice the '899 Patent, including but not limited to, intentionally including a copy of the User Manual thus inducing end-users to use the Accused Product as intended. Defendant's infringing activities violates 35 U.S.C. § 271(b), either literally or else under the doctrine of equivalents.

85. Plaintiff has sustained damages as a direct and proximate result of Defendant's indirect infringement of the '899 Patent.

86. Plaintiff will suffer and is suffering irreparable harm from Defendant's continued indirect infringement of the '899 Patent. Moreover, Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendant's continuing infringement of the '899 Patent.

87. Defendant's indirect infringement of the '899 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

24

## COUNT III – FALSE DESIGNATION OF ORIGIN RELATING TO POWER PROBE'S *RED COLOR* TRADE DRESS
### (15 U.S.C. § 1125(a))

88.     Paragraphs 1-87 are incorporated herein by reference as though set forth in their entirety.

89.     Plaintiff owns common law trade dress rights relating to its Power Probe III Circuit Tester, including the Red Color Trade Dress. Plaintiff has continuously used the Red Color Trade Dress at least since 2006.

90.     The Red Color Trade Dress is nonfunctional and acquired secondary meaning in connection with powered electrical circuit testers before Defendant's first offer to sell and/or sale of the Accused Product.

91.     Defendant has used, and is using, in commerce, in connection with the sale, offer for sale, and advertising of the Accused Product, the Red Color Trade Dress in such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

92.     Upon information and belief, Defendant has intentionally, knowingly and willfully adopted used, and continues to use the Red Color Trade Dress, including by offering to sell and selling the Accused Product, to cause consumer confusion, mistake, and/or deception.

25

93.     As a result of Defendant's wrongful acts, Plaintiff has been damaged, and in the absence of relief from this Court will continue to be damaged by Defendant's infringing use of Plaintiff's Red Color Trade Dress in connection with powered electrical circuit testers.

94.     By reason of the foregoing, Plaintiff is entitled to recover from Defendant treble damages and reasonable attorney's fees, pursuant to 15 U.S.C. § 1117.

### COUNT IV – FALSE DESIGNATION OF ORIGIN RELATING TO POWER PROBE'S *PRODUCT CONFIGURATION* TRADE DRESS
(15 U.S.C. § 1125(a))

95.     Paragraphs 1-94 are incorporated herein by reference as though set forth in their entirety.

96.     Plaintiff owns common law trade dress rights relating to its Power Probe III Circuit Tester, including the Product Configuration Trade Dress. Plaintiff has continuously used the Product Configuration Trade Dress at least since 2006.

97.     The Product Configuration Trade Dress is nonfunctional and acquired secondary meaning in connection with powered electrical circuit testers before Defendant's first offer to sell and/or sale of the Accused Product.

98.     Defendant has used, and is using, in commerce, in connection with the sale, offer for sale, and advertising of the Accused Product, the Product Configuration Trade Dress in such a manner as is likely to cause confusion, or to

cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

99.     Upon information and belief, Defendant has intentionally, knowingly and willfully adopted used, and continues to use the Product Configuration Trade Dress, including by offering to sell and selling the Accused Product, to cause consumer confusion, mistake, and/or deception.

100.    As a result of Defendant's wrongful acts, Plaintiff has been damaged, and in the absence of relief from this Court will continue to be damaged by Defendant's infringing use of Plaintiff's Product Configuration Trade Dress in connection with powered electrical circuit testers.

101.    By reason of the foregoing, Plaintiff is entitled to recover from Defendant treble damages and reasonable attorney's fees, pursuant to 15 U.S.C. § 1117.

## COUNT V – FALSE DESIGNATION OF ORIGIN RELATING TO POWER PROBE'S *PRODUCT PACKAGING* TRADE DRESS
### (15 U.S.C. § 1125(a))

102.    Paragraphs 1-101 are incorporated herein by reference as though set forth in their entirety.

27

103. Plaintiff owns common law trade dress rights relating to its Power Probe III Circuit Tester, including the Product Packaging Trade Dress. Plaintiff has continuously used the Product Packaging Trade Dress at least since 2010user man.

104. The Product Packaging Trade Dress is nonfunctional and is inherently distinctive. Indeed, the Supreme Court has recognized that "product packaging has a tendency to be inherently distinctive because the possibilities for product packaging are virtually endless, so the selection of one particular dress can serve as an identifier of its source and be protectable without unduly hindering competitors' ability to choose their own design." *Laboratorios Pisa S.A. De C.V. v. PepsiCo, Inc.*, 2021 WL 783854, *2 (S.D. Tex. Feb. 27, 2021) (granting preliminary injunction for unregistered trade dress infringement under 15 U.S.C. §1125) (citing *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 212 (2000)).

105. Alternatively, at a minimum, the Product Packaging Trade Dress has acquired secondary meaning in connection with powered electrical circuit testers before Defendant's first offer to sell and/or sale of the Accused Product.

106. Defendant has used, and is using, in commerce, in connection with the sale, offer for sale, and advertising of the Accused Product, the Product Packaging Trade Dress in such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely

designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

107. Upon information and belief, Defendant has intentionally, knowingly and willfully adopted used, and continues to use the Product Packaging Trade Dress, including by offering to sell and selling the Accused Product, to cause consumer confusion, mistake, and/or deception.

108. As a result of Defendant's wrongful acts, Plaintiff has been damaged, and in the absence of relief from this Court will continue to be damaged by Defendant's infringing use of Plaintiff's Product Packaging Trade Dress in connection with powered electrical circuit testers.

109. By reason of the foregoing, Plaintiff is entitled to recover from Defendant treble damages and reasonable attorney's fees, pursuant to 15 U.S.C. § 1117.

## COUNT VI – FEDERAL COPYRIGHT INFRINGEMENT RELATING TO POWER PROBE'S USER MANUAL
(17. U.S.C. § 501)

110. Paragraphs 1-109 are incorporated herein by reference as though set forth in their entirety.

111. Power Probe is the owner of all right, title and interest in and to the copyrights associated with the Power Probe III User Manual, *i.e.*, the Copyrighted Work.

112. On information and belief, Defendant had access to the Copyrighted Work because it is available for download to the public, intended for end-users.

113. The Infringing User Manual is a copy of and substantially similar to the Copyrighted Work.

114. Upon information and belief, Defendant did willfully and unlawfully prepare or cause to be prepared copies of the Copyrighted Work, or at a minimum, the heart of the work; did willfully and unlawfully prepare or cause to be prepared derivative works based upon the Copyrighted Work; and did willfully and unlawfully distribute copies of the Infringing User Manual.

115. Such conduct violates the exclusive rights of the copyright owner as set forth in 17 U.S.C. §106 and creates in Power Probe, as the copyright owner, a cause of action for copyright infringement under 17 U.S.C. §501.

116. Power Probe has been damaged by Defendant's conduct and will continue to be so damaged in the absence of relief granted by this Court.

## COUNT VII –FEDERAL UNFAIR COMPETITION--REVERSE PASSING OFF
### (15. U.S.C. § 1125(a)(1)(A))

117. Paragraphs 1-116 are incorporated herein by reference as though set forth in their entirety.

118. Power Probe is the sole owner of all right, title and interest in the Power Probe III User Manual, *i.e.*, the Copyrighted Work.

30

119. By distributing the Infringing User Manual, which is an unauthorized copy of the Copyrighted Work, Defendant is misrepresenting Power Probe's copyrighted work as its own. At a minimum, Defendant copied the heart of the Copyrighted Work.

120. Through the actions complained of herein, Defendant has willfully made and is making false, deceptive, and misleading representations and descriptions constituting false designation of origin made in and in connection with interstate commerce, including, without limitation, false designations regarding the origin of the Infringing User Manual.

121. Defendant's false designations of origin are likely to cause consumer confusion as to the origin of the Infringing User Manual, including, without limitation, by causing consumers to believe falsely that the Infringing User Manual originally related to the Accused Product, where, in fact, Power Probe is the originator, and the copyrighted material comprising the Infringing User Manual was originally intended to relate to the Power Probe III Circuit Tester.

122. Defendant's false designations of origin constitute reverse passing off and unfair competition and violate Power Probe's rights under 15 U.S.C. § 1125(a).

123. Defendant's false designations of origin have reasonably and foreseeably damaged Power Probe in an amount to be determined at trial.

124. Defendant's willful actions make this case exceptional within the meaning of 15 U.S.C. § 1117.

## COUNT VIII – NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES RELATING TO POWER PROBE'S FAMILY OF MARKS
### (N.C. Gen Stat. § 75-1.1 *et seq.*)

125. Paragraphs 1-124 are incorporated herein by reference as though set forth in their entirety.

126. Plaintiff has built-up invaluable goodwill in its Family of Marks. Plaintiff has expended considerable time and money advertising and promoting the Power Probe brand in connection with the Red Color Trade Dress, Product Configuration Trade Dress, and Product Packaging Trade Dress.

127. Upon information and belief, Defendant had prior knowledge of Plaintiff's trade dress rights.

128. Upon information and belief, Defendant intentionally copied Plaintiff's Family of Marks, or at a minimum was willfully blind to Plaintiff's rights in the Family of Marks, for use in connection with its Accused Product.

129. Upon information and belief, Defendant has realized unjust profits, gains and advantages as a proximate result of its infringing conduct.

130. Defendant's infringing use of Plaintiff's Family of Marks in connection with the Accused Product is use in commerce, including sales in North Carolina, that is likely to cause consumers to be confused, mistaken or deceived as to the

32

affiliation, connection or association of Plaintiff with Defendant and/or the Accused Product, or as to the origin, sponsorship or approval of Defendant's Accused Product by Plaintiff, in violation of N.C. Gen. Stat. § 75-1.1.

131. The activities of Defendant as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, constitute unfair methods of competition in or affecting commerce and/or unfair and deceptive acts or practices in or affecting commerce in North Carolina and have proximately caused and are proximately causing irreparable injury to Plaintiff in North Carolina. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq*.

132. By reason of the foregoing, Plaintiff is entitled to recover from Defendant treble damages and reasonable attorney's fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## COUNT IX – NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES RELATING TO POWER PROBE'S USER MANUAL
### (N.C. Gen Stat. § 75-1.1 *et seq*.)

133. Paragraphs 1-132 are incorporated herein by reference as though set forth in their entirety.

134. The activities of Defendant relating to the Infringing User Manual as described in the foregoing paragraphs, and in Claims VI and VII for relief asserted in this Complaint, constitute unfair methods of competition in or affecting commerce

33

and/or unfair and deceptive acts or practices in or affecting commerce in North Carolina and have proximately caused and are proximately causing injury to Power Probe. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq*.

135. By reason of the foregoing, Power Probe is entitled to recover from Defendant, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## COUNT X – NORTH CAROLINA COMMON LAW UNFAIR COMPETITION

136. Paragraphs 1-135 are incorporated herein by reference as though set forth in their entirety.

137. The activities of Defendant as described in this Complaint, including infringing (1) Power Probe's Product Configuration Trade Dress, (2) Red Color Trade Dress, (3) Product Packaging Trade Dress, and (4) infringing Power Probe's copyrights in the Power Probe III User Manual, are unfair acts that have damaged Plaintiff's legitimate business activities. Therefore, those activities of Defendant constitute unfair competition and unfair and deceptive acts and practices in the State of North Carolina pursuant to the common law of North Carolina.

## PRAYER FOR RELIEF

1. As it Relates to the '899 Patent:

   a. A judgement that the '899 Patent is valid and enforceable;

34

b.     A judgement that Defendant has directly infringed and induced infringement of one or more claim of the '899 Patent;

c.     An Order and judgement, temporarily restraining, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '899 Patent;

d.     A judgement awarding Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement of the '899 Patent, and in no event, less than a reasonable royalty, including all pre-judgement and post-judgment interest at the maximum interest rate permitted by law;

e.     A judgement awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, in addition to pre-judgment interest;

f.     Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, in addition to pre-judgment interest as authorized by law;

g.      A judgement that this is an exceptional case and an award to Plaintiff its costs and reasonable attorneys' fees incurred in this action, as provided by 35 U.S.C. § 285; and

h.      Any further relief this Court deems to be just and proper under the circumstances.

2.      <u>As it relates to Power Probe's Family of Marks:</u>

a.      That this Court permanently enjoin Defendant, its agents, servants, employees, and attorneys and all those in active concert or participation with Defendant;

i) from using any trade dress, trademark, service mark, logo, trade name, domain name or designation confusingly similar to the Red Color Trade Dress, Product Configuration Trade Dress, and/or Product Packaging Trade Dress owned by Plaintiff;

ii) from otherwise infringing Plaintiff's trade dress and trademark rights;

iii) from unfairly competing with Plaintiff; and

iv) from causing injury to the business reputation of Plaintiff.

b.      that Plaintiff be awarded judgment for damages against Defendant resulting from its violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for federal unfair competition and false

36

designation of origin, respectively, in an amount to be fixed by the Court, which in its discretion it finds just, including:

> i) all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of in this Complaint;

> ii) all damages sustained by Plaintiff as a result of Defendant's acts of infringement and unfair competition, and that such damages be trebled, including damages resulting from losses sustained by Plaintiff equivalent to a reasonable royalty;

c.       that, because of the deliberate and willful actions of Defendant, this action be designated an exceptional case, thereby entitling Plaintiff to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Plaintiff as a result of this action, pursuant to 15 U.S.C. § 1117, and that Plaintiff be awarded such relief;

d.       that Plaintiff be awarded judgment for damages as a result of Defendant's unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. § 75-16 and that Plaintiff be awarded its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1;

37

e.      that Plaintiff be awarded judgment for damages resulting from Defendant's common law unfair competition; and

f.      that this Court award any and all relief not here enumerated that this Court deems just and equitable.

3.      <u>As it relates to Power Probe User Manual, *i.e.*, the Copyrighted Work:</u>

a.      That Defendant's above-described acts constitute copyright infringement and unfair competition under federal and state law.

b.      That this Court permanently enjoin Defendant, its agents, servants, employees, and attorneys and all those in active concert or participation with Defendant:

> i) from infringing United States Copyright Registration No. TX 9-076-677, including but not limited to further creation, use or distribution of the Infringing Use Manual
>
> ii) from unfairly competing with Power Probe; and
>
> iii) from causing injury to the business reputation of Power Probe.

c.      That this Court order the impounding and destruction of any and all copies of the Infringing User Manual made or used by Defendant;

d.      That Power Probe be awarded judgment for damages against Defendant resulting from the infringement of Defendant's copyrights

in and to the Power Probe III User Manual and violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

    i) all damages sustained by Power Probe as a result of Defendant's willful, wrongful and unlawful acts, including lost profits, together with prejudgment interest;

    ii) all monies, profits and advantages wrongfully gained by Defendant as a result of its willful, wrongful and unlawful acts; and

    iii) enhanced statutory damages for willful infringement to be assessed in accordance with 17 U.S.C. § 504.

e.     That Power Probe be awarded its costs and attorneys' fees in accordance with 17 U.S.C. § 505 and 15 U.S.C. § 1117.

f.     That Power Probe be awarded judgment for damages as a result of Defendant's unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. § 75-16 and that Power Probe be awarded its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

39

g.    That this Court grant any and all such other relief as it may in its

discretion deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

hereby demands trial by jury on all issues raised by the Complaint.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert

such claims against Defendant and other responsible parties as may be just and

appropriate under the circumstances.

This the 16th day of May, 2023.


Respectfully submitted,

 /s/ Samuel Alexander Long, Jr.
Samuel Alexander Long, Jr.
(N.C. Bar No. 46588)
Lucas D. Garber (N.C. Bar No. 47756)
Tom BenGera (N.C. Bar No. 57019)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: 704-945-2911
Fax: 704-332-1197
Email:  along@shumaker.com
          lgarber@shumaker.com
          tbengera@shumaker.com

40